UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD VARNER,

    Plaintiff,

v.                                                                   Case No. 13-15070

WILLIE SMITH, et. al.,

    Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

On December 23, 2014, Magistrate Judge Michael Hluchaniuk issued a Report and Recommendation in the above-captioned matter, recommending that the court grant the Motions for Summary Judgment filed by Defendant Willie Smith on April 25, 2014, and Defendants Carrell, Corizon Health Care, Holmes, and Squier on July 25, 2014. For the reasons stated below, the court will overrule Plaintiff's objections, adopt the Magistrate Judge's R&R, and grant the motions for summary judgment.

**I. STANDARD**

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation

should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

## II. DISCUSSION

At the end of the Magistrate Judge's R&R, he included the following language:

> The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

(Doc # 44, Pg ID 588.) Despite this express instruction to the parties, no party timely filed objections. Instead, Plaintiff submitted his objections five weeks after the issuance of the R&R. As an initial matter, the court rejects these objections as untimely, and finds that Plaintiff has waived any right to appeal of the Report and Recommendation.

Moreover, even if the court were to review the objections, the court would reject them on the merits. A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all. . . . [I]t is hard to see how a

2

district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140, 148 (1985), noting that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Here, Plaintiff filed a thirty-three page document denominated as objections to the R&R. Having reviewed this document, the court concludes that they are not "objections" as properly construed under 28 U.S.C. § 636. Instead, Plaintiff has simply filed his general disagreement with virtually every section of the Magistrate Judge's R&R, for the reasons previously articulated in his briefs, while peppering his argument with unsubstantiated, and unsupportable, allegations of bias. The court has reviewed the Magistrate Judge's thorough R&R and finds it to be an entirely sound and correct analysis of the issues. Plaintiff has presented no evidence of bias or improper conduct and the court discerns no factual or legal error in the R&R on these claims, and any objection is overruled.

### III. CONCLUSION

For the reasons stated above, the court rejects Plaintiff's objections as untimely. Even so, from a review of the improper objections, the court is convinced that they are

3

without merit. The court will overrule all objections and adopt the Magistrate Judge's well-reasoned and comprehensive R&R in full and without any amendments. Accordingly,

IT IS ORDERED that Plaintiff's objections [Dkt. # 45] are DENIED and the Magistrate Judge's December 24, 2014, Report and Recommendation [Dkt. # 44] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendants' Motions for Summary Judgment [Dkt. ## 27 & 35] are GRANTED.

A separate judgment will issue.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2015, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522